IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMEL HAMILTON,<br><br>Petitioner<br><br>v.<br><br>WARDEN OF FCI MCKEAN,<br><br>Respondent | Case No. 1:18-cv-301<br><br>UNITED STATES MAGISTRATE JUDGE<br>RICHARD A. LANZILLO<br><br>MEMORANDUM OPINION AND<br>ORDER |

I.  Introduction

Petitioner Jamel Hamilton (Petitioner), an inmate incarcerated at the Federal Correctional Institution at McKean[1] (FCI-McKean), initiated this action by filing a petition for writ of habeas corpus (Petition) pursuant to 28 U.S.C. § 2241. Petitioner contends that the Bureau of Prisons' (BOP) decision to expel him from the prison's Residential Drug Abuse Program was capricious, arbitrary, and an abuse of discretion. ECF No. 4 at 2. Because this Court lacks jurisdiction to review Petitioner's claims, the Petition will be dismissed.[2]

II.  Factual and Regulatory Background

On March 9, 2016, Petitioner pled guilty in the United States District Court for the District of Maine (the "sentencing court") to conspiracy to possess with the intent to distribute heroin in violation of 21 U.S.C. § 846. *See United States v. Hamilton*, No. 2:15-cr-38 (D. Me.). The sentencing court sentenced Petitioner to a term of 84 months in prison, three years of supervised release, and recommended that he participate in the BOP's Residential Drug Abuse

---

[1] FCI-McKean is located within the territorial boundaries of the Western District of Pennsylvania. The Warden of FCI-McKean is the Respondent in this action.

[2] Petitioner and Respondent have consented to the exercise of plenary jurisdiction by a United States Magistrate Judge, as authorized by 28 U.S.C. § 636(c).

1

Program (RDAP), a substance abuse treatment program for federal inmates with documented substance abuse problems. *Id. See also* 18 U.S.C. § 3621(e).

Shortly after his arrival at FCI-McKean, Petitioner enrolled in RDAP. By way of background, there are three essential components to the RDAP program. 28 C.F.R. § 550.53(a). The first is a residential unit-based component, which involves the inmate completing activities as assigned by drug abuse treatment specialists and the Drug Abuse Program Coordinator ("DAPC") in a treatment unit set apart from the general prison population. *Id.* at § 550.53(a)(1). Successful completion of the first component requires (i) satisfactory attendance and participation in all RDAP activities, and (ii) passing each RDPA testing procedure. *Id.* at § 550.53(f). The residential unit-based component of the treatment program lasts a minimum of 500 hours, over a nine to twelve-month period. *Id.*

Upon successful completion of the unit-based component, some inmates may be referred to a second component. During this second phase, inmates are given counseling support while they transition into general population. *Id.* at § 550.53(a)(2).

The third and final phase of the RDAP component is community Transitional Drug Abuse Treatment. *Id.* at § 550.53(a)(3). Inmates who have completed the unit-based program and follow-up treatment and are transferred to community confinement must successfully complete community-based drug abuse treatment in a community-based program in order to graduate from the RDAP program. *Id.*

Throughout the course of this treatment, prison officials exercise broad discretion in making RDAP programming decisions. An inmate may be expelled from RDAP because of disruptive behavior related to the program or unsatisfactory progress in treatment. *Id.* at § 550.53(g)(1). Ordinarily, an inmate must be given at least one formal warning before being

2

removed from RDAP. *Id.* at § 550.53(g)(2). But a formal warning is not necessary when the documented lack of compliance with program standards is of such magnitude that an inmate's continued presence would create an immediate and ongoing problem for staff and other inmates. *Id.*

If an inmate refuses or fails to complete all aspects of the program, that prisoner fails the RDAP program and is disqualified from receiving additional incentives under the program. *Id.* at § 550.56(a). Among these incentives is the discretion to reduce the sentence of an inmate convicted of a non-violent offense who successfully completes the RDAP by a period not to exceed 12 months. *See* 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. § 550.55. However, there are no guarantees that any particular prisoner will be enrolled in the RDAP program, complete the program, or ultimately receive a sentence reduction.

In this case, Petitioner entered the unit-based portion of the program on June 7, 2017. On or about April 5, 2018, the BOP expelled Petitioner from the RDAP program after citing him for importing "hard contraband" such as "cell phones" and "illicit substances/tobacco" into the RDAP unit. *See* ECF No. 12-2 at 8-9, 11. After pursuing his administrative remedies with the BOP, Petitioner filed the instant § 2241 Petition. Petitioner maintains that the BOP's decision was "arbitrary, capricious and conscience shocking" because it expelled him from the program without providing a formal warning or intervention, as ordinarily required by 28 C.F.R. § 550.53.[3]

---

[3] In pertinent part, 28 C.F.R. § 550.53(g)(2) states:

> Ordinarily, inmates must be given at least one formal warning before removal from RDAP. A formal warning is not necessary when the documented lack of compliance with the program standards is of such magnitude that an inmate's continued presence would create an immediate and ongoing problem for staff and other inmates.

3

III.     Analysis

Petitioner's sole allegation in this action is that the BOP's decision to expel him from the RDAP program was, arbitrary, capricious, and an abuse of the agency's discretion under 18 U.S.C. § 3621 and 28 C.F.R. § 550.553. Such claims are ordinarily governed by the Administrative Procedures Act ("APA"), 5 U.S.C. § 706, which requires a reviewing court to set aside agency decisions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* at § 706(2)(A). Notably, however, "Congress has expressly foreclosed judicial review of the BOP's individual RDAP placement decisions." *Dababneh v. Warden Loretto FCI*, 792 Fed Appx. 149, 151 (3d Cir. 2019). Specifically, "18 U.S.C. § 3625 provides that the judicial review provisions of the APA do not apply to 'any determination, decision, or order' made pursuant to 18 U.S.C. §§ 3621." *Id.* Thus, because the BOP's substantive decision to remove Petitioner from the RDAP is "not subject to judicial review," this Court is foreclosed from considering Petitioner's challenge to the BOP's decision to expel him from the program. *Id.* (citing *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011); *Standifer v. Ledezma*, 653 F.3d 1276, 1279 n.3 (10th Cir. 2011) ("To the extent Standifer challenges only the BOP's decision regarding his eligibility for RDAP participation, his argument is expressly foreclosed by 18 U.S.C. § 3625, which prohibits judicial review under the APA of RDAP placement decisions.").

Even where judicial review under the APA is specifically excluded by statute, courts may still review allegations that "BOP action violates the United States Constitution, *see Webster v. Doe*, 486 U.S. 592, 603-04 (1988), or is contrary to established federal law, *see Neal v. United States*, 516 U.S. 284, 295 (1996)." *Id.* While the "introduction" section of his Petition contains an isolated reference to "substantive due process," *see* ECF No. 4 at 2, Petitioner has made no

4


attempt to develop that claim in either his Petition or his reply brief.[4] Nor has Petitioner described any conduct that might be described as so "conscience-shocking" as to support a substantive due process claim. *Dababneh*, 792 Fed. Appx. at 151 (noting that an inmate must allege conduct that is "arbitrary, frivolous, or without a rational relationship to valid penal concerns" to sustain a substantive due process claim).[5] Rather, his entire argument is that the BOP abused its discretion under 28 C.F.R. § 550.553 by failing to give him an intervention or formal warning before expelling him from the RDAP program. Because review of this claim is foreclosed by 18 U.S.C. § 3625, Petitioner's § 2241 Petition must be dismissed.

IV. Conclusion

For the foregoing reasons, it is hereby ordered that Petitioner's petition for writ of habeas corpus is denied.[6]

RICHARD A. LANZILLO
United States Magistrate Judge

Dated: April 21, 2020

---

[4] The lone reference to a constitutional right appearing in any of Petitioner's filings consists of the following statement: "[T]he BOP's decision to expel Mr. Hamilton from the RDAP program without a single intervention or formal warning, in violation of C.F.R. § 550.553 was indeed arbitrary, capricious, and an abuse of discretion as well as conscience-shocking resulting in a violation of Mr. Hamilton's right to substantive due process."

[5] The Court of Appeals for the Third Circuit also stated, albeit in dicta, that it is "doubtful[] . . . that prisoners have a [substantive due process] interest in RDAP participation." *Dababneh*, 792 Fed. Appx. at 151. Other courts have reached the same conclusion. *See, e.g., Heard v. Quintana*, 184 F. Supp. 3d 515, 519 (E.D. Ky. 2016) (removal from the RDAP does not deprive an inmate of either procedural or substantive due process); *Bermudez v. Warden, FCI Allenwood-Low*, 2017 WL 2473294, at *2 (M.D. Pa. June 8, 2017) (same).

[6] Because "[f]ederal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement," the Court need not make a certificate of appealability determination in this matter. *Williams v. McKean*, 2019 WL 1118057, at *5 n. 6 (W.D. Pa. Mar. 11, 2019) (citing *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012)); 28 U.S.C. § 2253(c)(1)(B).

5